IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-cv-28-H

ALICIA PERRY, )
 )
   Plaintiff, )
 )
 )
v. ) **ORDER**
 )
 )
NCDMV, )
 )
   Defendant. )

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has responded, and this matter is ripe for adjudication.

## BACKGROUND

The plaintiff, Alicia Perry, filed the amended complaint in this action on May 17, 2010 naming the North Carolina Division of Motor Vehicles ("NCDMV"), a Division of the North Carolina Department of Transportation, a State of North Carolina government agency, as the sole defendant. Plaintiff's original complaint purported to allege claims under Title VII of the Civil Rights Act. See 42 U.S.C. §20003(e)(5).

Plaintiff asserts that she was terminated from her employment and that defendant's conduct was discriminatory in nature. In her original complaint, she lists the names and races of ten women who allegedly discriminated against her. She states that the basis of her complaint is "from ongoing harassment and retaliation stemming from a dildo (sexually explicit object) being placed on my desk during the Christmas Season of 2003." (Original Complaint.)

Attached to her original complaint is an addendum which outlines the incident described above and notes that plaintiff complained to management and asked to be transferred out of the call center due to harassment and retaliation, but that she was not allowed to transfer until June of 2007.

Plaintiff's amended complaint again outlines the 2003 incident involving a dildo and notes that plaintiff complained in 2004 but was not allowed to transfer. The third paragraph notes that she was allowed to move into a different position in 2007.

## COURT'S DISCUSSION

I. Standard of Review

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations

2

of the complaint in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Rule 8 of the Federal Rules of Civil Procedure provides "for simplicity in pleading that intends to give little more than notice to the defendant of the plaintiff's claims and that defers until after discovery any challenge to those claims insofar as they rely on facts." Teachers' Retirement Sys. of LA v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007). A complaint is generally sufficient if its "'allegations are detailed and informative enough to enable the defendant to

3

respond.'" Id. (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1215 at 193 (3d ed. 2004)). Thus, a complaint satisfies the Rules if it gives "fair notice" of the claim and "the grounds upon which it rests." Twombly, 127 S. Ct. at 1964.

## II. Analysis

From plaintiff's complaint and amended complaint it is difficult to decipher the claims she seeks to bring. Her amended complaint contains no statutory authority for a suit. Assuming she is trying to bring a federal discrimination lawsuit, she fails. Her complaints (and the response to defendant's motion to dismiss) allege that she was treated unkindly and teased by her coworkers and supervisors, but there are not allegations that any such teasing was the type proscribed by federal statutory discrimination law. Plaintiff has simply failed to allege that she was treated differently from similarly situated individuals because of her gender or that she was subjected to a hostile work environment because of her sex. While she does allege one incident involving a dildo being placed on her desk, there is no evidence that this one, isolated incident of apparent teasing by coworkers (albeit unprofessional in nature) was part of a pattern of discrimination or of a hostile work environment.

4

> Common sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing or roughhousing among members of the same sex and conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive.

<u>Oncale v. Sundowner Offshore Services, Inc.</u>, 118 S. Ct. 998, 1003 (1998). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment-an environment that a reasonable person would find hostile or abusive-is beyond Title VII's purview." <u>Harris v. Forklift Systems</u>, 510 U.S. 17, 21 (1993). Title VII is not a code of general civility. See <u>Oncale</u>, 118 S.Ct. at 1002. Plaintiff has failed to plead a claim for discrimination under Title VII.

In plaintiff's prayer for relief in her amended complaint, plaintiff seeks special damages in accordance with North Carolina Gen. Stat. § 126-87, the "whistle-blower" statute. While N.C. Gen. Stat. § 126-85 protects state employees from retaliation, N.C. Gen. Stat. § 126-86 provides for a statute of limitations of one year on such claims. Plaintiff was terminated from her employment on October 8, 2008, and did not file this suit until January 15, 2010. Therefore, any claims under this statute are barred.

Finally, inasmuch as plaintiff is attempting to bring a claim for intentional infliction of emotion distress, any such

5

claim is barred by the doctrine of sovereign immunity. The state of North Carolina has not waived sovereign immunity for intentional torts. See <u>Kawai America Corp. v. University of North Carolina at Chapel Hill</u>, 152 N.C.App. 163 (2002). Accordingly, this claim fails as well.

Plaintiff has failed to plead any claim for which relief may be granted. Therefore, defendant's motion to dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED, and the clerk is directed to close this case.

This 10TH day of January 2011.

*[signature]*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

6

Case 5:10-cv-00028-H   Document 17   Filed 01/11/11   Page 6 of 6